**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4467**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

BARTOLO PENALOZA-MALDONADO,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:15-cr-00093-FL-1)

Submitted:  February 16, 2017        Decided:  February 21, 2017

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bartolo Penaloza-Maldonado appeals his conviction and sentence of 88 months of imprisonment for conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning whether Penaloza-Maldonado's appellate waiver is valid, whether his plea was knowing and voluntary, and whether the sentence imposed by the district court was reasonable. We affirm.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016). "In the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver." Id.

Based on our review of the record, we conclude that Penaloza-Maldonado's Rule 11 colloquy was properly conducted, and Penaloza-Maldonado knowingly and voluntarily agreed to waive his appellate rights. Consequently, we conclude that Penaloza-Maldonado's appellate waiver is valid. Because the Government has not invoked

2

the waiver, however, it does not limit our review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

Next, a guilty plea is valid where the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." United States v. Fisher, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Penaloza-Maldonado neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Our review of the record reveals that the district court fully complied with Rule 11 in accepting Penaloza-Maldonado's guilty plea after a thorough hearing. Accordingly, we conclude that his plea was knowing and voluntary, see Fisher, 711 F.3d at 464, and thus "final and binding," United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review Penaloza-Maldonado's sentence for reasonableness "under a deferential abuse-of-discretion standard." United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v.

3

United States, 552 U.S. 38, 41 (2007)), cert. denied, 137 S. Ct. 320 (2016). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We presume that a sentence imposed within the properly calculated Sentencing Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that the court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3353(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. Furthermore, Penaloza-Maldonado's sentence of 88 months fell below the range recommended by the Guidelines. Therefore, we conclude that Penaloza-Maldonado's sentence is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Penaloza-Maldonado, in writing, of the right to petition the Supreme Court of the United States for further review. If Penaloza-Maldonado requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Penaloza-Maldonado.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>